**** E-filed January 19, 2010 ****

United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROBERT ZUNIGA and ROSA ZUNIGA,

Plaintiffs,

v.

HSBC MORTGAGE CORPORATION,

Defendant.

_________________________________________/

No. C09-03358 HRL

**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS AND (2) RESCHEDULING CASE MANAGEMENT CONFERENCE**

**[Re: Docket No. 7]**

Plaintiffs Robert and Rosa Zuniga refinanced the existing mortgage on their home on July 3, 2006 using a loan secured by a deed of trust on the property with defendant HSBC Mortgage Corporation, also known as the Household Finance Corporation of California ("HFC") as the beneficiary. Plaintiffs, facing foreclosure, sued defendant on July 22, 2009 for alleged violations of the Truth in Lending Act ("TILA") and the associated Regulation Z. 15 U.S.C. §§ 1601 *et seq*; 12 C.F.R. §§ 226 *et seq*.

HFC now moves to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted. The Zunigas failed to file any opposition to the motion or a statement of non-opposition, and they also failed to appear at the hearing. Upon consideration of the matter, the court GRANTS the motion.[1]

///

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

United States District Court
For the Northern District of California

**LEGAL STANDARD**

On motion, a court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Yet only plausible claims for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1950.

**DISCUSSION**

The Zunigas allege that HFC violated TILA and Regulation Z because the documents it provided to them at the closing of their mortgage failed to contain appropriate disclosures concerning the loan's finance charges and the right to cancel. They say that they "couldn't have discovered these failures through due diligence" prior to the time of filing suit. (Compl. ¶ 32.) Plaintiffs seek rescission of the loan (Count 1) and damages (Count 2). Defendant argues that both of plaintiffs' claims are time-barred, and that in any event, that plaintiffs have not pled plausibly that they are able to tender the full amount of the loan as would be required to rescind.

The right to rescind a transaction under TILA "shall expire three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). This three-year period is not a statute of limitations within which to file an action, but rather is the duration of the right to rescind. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415–18 (1998). As such, it cannot be tolled. *D'Onofrio v. U.S. Bank*, No. 09-03701, 2009 WL 3298237, at *2 (N.D. Cal. Oct. 13, 2009); *Walker v. Equity 1 Lenders Group*, 2009 WL 1364430, at *6 (S.D. Cal. 2009) (citing *Taylor v. Money Store*, 42 Fed. App'x 932, 933 (9th Cir. 1998) ("Equitable tolling does not apply to rescission under [§ 1635(f)].")).

The mortgage at issue in this case, as a refinance of an existing mortgage, was subject to TILA's rescission provisions. *Contra* 15 U.S.C. § 1635(e) (providing that residential mortgage

transactions—mortgages used to finance the acquisition of a consumer's dwelling—are exempt). Nonetheless, the Zunigas consummated the loan on July 3, 2006, but did not file suit until July 22, 2009, more than three years later. Accordingly, the Zunigas' right to rescind has expired, and it cannot be saved through any equitable tolling. Count 1 therefore fails to state a claim for relief.

However, the one-year statute of limitations for TILA's damages provision is subject to equitable tolling. 15 U.S.C. § 1640(e); *King v. California*, 487 F.2d 910, 915 (9th Cir. 1986); *see also Beach*, 523 U.S. at 417–18 (noting the "stark contrast" between the limit in § 1640(e) and the limit in § 1635(f)). Equitable tolling can occur "in the appropriate circumstances . . . until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures." *King*, 487 F.2d at 915. Tolling may be appropriate if the defendant's misconduct induced the plaintiff to miss the filing deadline. *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006). Yet in the absence of allegations of such misconduct, the general nature of a mortgage transaction, along with disclosure statements and payment schedules, can place plaintiffs "on notice of the possible existence of a claim." *Kay v. Wells Fargo Bank*, 247 F.R.D. 572, 578 (N.D. Cal. 2007).

The Zunigas plead the existence of equitable tolling because, they say, defendant's failure to provide appropriate disclosures "made it impossible" for them to discover the claim. (Compl. ¶ 59.) However, the Zunigas admit that they received several TILA-related disclosure statements at the closing of their loan (Compl. ¶ 57), which would have placed them on notice of a potential claim. They do not allege any other action that could have tolled the one-year statute of limitations. As a result, plaintiffs' second count for damages under TILA fails to raise a plausible claim for relief.

**CONCLUSION**

Based on the foregoing, defendant's motion to dismiss Count 1 is GRANTED WITH PREJUDICE. Its motion to dismiss Count 2 is GRANTED WITH LEAVE TO AMEND. Plaintiffs may file an amended claim by February 2, 2010. The Case Management Conference currently scheduled for January 26, 2010 is continued to March 2, 2010.

**IT IS SO ORDERED.**

Dated: January 19, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**C 09-03358 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Aniesa Rice | aniesa.rice@kattenlaw.com |
| John Wesley Villines | john@jvlaw.net, esther@jvlaw.net, Robert@jvlaw.net |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**